JOHN H. SIMS, Administrator of Estate of ANNA L. SIMS, v. CLINTON COUNTY, Appellant.—8 S. W. (2d) 69.

Division One, July 3, 1928.

W. S. *Herndon* for appellant.

LINDSAY, C.—The demand herein involved was presented by the administrator of Anna L. Sims, deceased, to the County Court of Clinton County, as a claim against said county for a balance of salary alleged to be due from said county, to the decedent, as Superintendent of Schools. The county court rejected said claim, and upon appeal, the circuit court rendered judgment in favor of respondent in the sum of $1290. The case was submitted upon an agreed statement of facts. Anna L. Sims was elected Superintendent of Public Schools of said county on the first Tuesday in April, 1919, for a term ending the first Tuesday in April, 1923. She duly qualified, and served as such officer until her death on December 25, 1922, a period of three years, eight months and twenty-five days. She was paid a salary of $1500 per annum during the time mentioned, or, for the first three years, $4500; for the eight months, $1000, and for the twenty-five days, $102.72, making a total of $5602.72. It was agreed that at the presidential election for the year 1916, the total vote cast in said county was 3774; that at the general election in November, 1918, the total vote was 2780, and at the presidential election held in the year 1920, the total vote was 6519. The defendant presented several declarations of law which were refused by the court, but which it is not necessary to set out. The circuit court proceeded on the theory that the act approved March 28, 1919 (Laws 1919, p. 694), was in force at the time the deceased

was elected, by virtue of the emergency clause incorporated in it. The body of the act is shown by Sections 11352 and 11354, Revised Statutes 1919. The court arrived at the amount, $1290, as still due the deceased, by allowing for a salary of $1500 per annum from the date of her election on April 1, 1919, to the date of the presidential election of 1920, on November 2, 1920, and, by allowing a salary of $2100 per annum for the remainder of her term, thus treating the salary as not an annual salary, but a monthly salary, and making the increase begin, not from the end of a year of the officer's incumbency, but from the date of the presidential election of 1920. The case presents precisely the same questions as were considered and determined by Division Two of this court, in State ex rel. Harvey v. Linville, 300 S. W. 1066. In that case the relator was elected, and qualified as Superintendent of Public Schools of Benton County, on April 1, 1919. It was there held that the act approved March 28, 1919, Laws 1919, p. 694, shown as Sections 11352 and 11354, Revised Statutes 1919, did not go into immediate effect under the emergency clause attached to said act, under the provisions of Section 36, Article IV of the Constitution, for the reason that it was an act subject to the referendum, and not within the exceptions mentioned in the referendum section—Section 57 of Article IV. As a result of that holding it was further held that the salary of the relator in that case was to be determined by the law in force at the time of his election. The law in force at the time was Section 10938, Revised Statutes 1909; and, further applicable also, and in force, was Section 10719, Revised Statutes 1909, which is Section 11016, Revised Statutes 1919. These two sections, respectively prescribed, the one, the amount of salary of the superintendent dependent upon the population of his county, and the other, the method of ascertaining such population. Certain conclusions appropriate in the determining of the instant case, and stated in the opinion in State ex rel. v. Linville, supra, l. c. 1067, are as follows:

"The increase of salary which a statute permits after an election showing an increase in population is not in violation of the Constitution, in that the salary is increased during the term for which the officer was elected, because the law in force at the time of his election fixes his salary, to be ascertained at periods as changed by the increase in population. [State ex rel. v. Hamilton, 303 Mo. 302, 260 S. W. 466.] The salary of an officer, dependent upon the population as ascertained from time to time, would be determined by the law in force at the time of his election, and a law which went into effect later would not affect the matter. Therefore, if the Act of 1919 was not in effect when relator was elected, it would not apply to his salary at any period of his term.

"Section 10938, Revised Statutes 1909, provides for ascertaining the 'annual' salary. Section 11352, Revised Statutes 1919, says that the superintendent shall receive so much money, dependent upon the population of the county, without saying whether it was per annum. From the context it must be presumed that annual salary was meant. 'Annual salary,' as used in said Section 10938, means salary for each year of the incumbency. It cannot be split up into periods by elections which occur during the year, and must be calculated on a year as a whole. We conclude further that 'annual,' as applied to salaries, means not the calendar years, but the years of the incumbent's term, which in the case of relator begins on the 1st day of April each year."

Accepting then Sections 10938 and 10719, Revised Statutes 1909, as governing in determining the salary of the deceased, it clearly appears that she received more than was due her for the period of her incumbency. Under the provisions of those sections, and for the purpose of determining the salary for the first two years, the population of the county was to be fixed by the total vote cast at the general election of 1918, which resulted in an ascertained population of more than 12,000 and less than 15,000, and in an annual salary of $800; or, for the first two years a total authorized salary of $1600. By the same sections and under the total vote of 6519, at the presidential election of 1920, there was an ascertained population of more than thirty and less than fifty thousand, authorizing a salary of $1400 per annum. Under the ruling, in State v. Linville, supra, adopted by us, this increase to $1400 went into effect on April 1, 1921. The salary accruing in the remainder of her incumbency—one year, eight months and twenty-five days—at $1400 per annum, was $2428.94, or a total authorized salary during her incumbency of $4028.94. If the Act of 1919 was not in force on April 1, 1919, there was no balance of salary due under any method of calculation.

Therefore, the judgment of the circuit court must be and is reversed. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.